IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FILED

JUL 9 1996

NORMAN L. GILLESPIE, CLERK
BY S. Hunter Deputy

RODNEY DAVENPORT                                    PETITIONER

VS.                                                 NO. 3:96CV74

UNITED STATES OF AMERICA                            RESPONDENT

## MEMORANDUM OPINION

The motion of the petitioner, Rodney Davenport, filed pursuant to 28 U.S.C. § 2255, came on for consideration by this court. On September 23, 1993, following a trial, a jury found Davenport guilty and convicted him of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base. This court sentenced him to a term of incarceration for 292 months. Davenport subsequently appealed and the Fifth Circuit affirmed his conviction. United States v. Davis, 61 F.3d 291 (5th Cir. 1995). In his motion, the petitioner asserts that he suffered under the handicap of ineffective assistance of counsel during his trial and on direct appeal. In his brief to the court, the petitioner asserts several alternate grounds for relief, each of which are procedurally barred. The court finds the petition for habeas relief not well taken and it shall be denied.

I.      FAILURE TO RAISE ISSUES ON DIRECT APPEAL

After a defendant has exhausted or waived any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)), cert. denied, 502 U.S. 1076, 112 S. Ct. 978, 117 L.Ed.2d 141 (1992). A convicted defendant can only challenge his conviction on issues of constitutional or jurisdictional magnitude after it is presumed final. Shaid, 937 F.2d at 232.

Furthermore, the Supreme Court has set out a "cause and prejudice" test in Frady, 456 U.S. at 167-68, 71 L.Ed.2d at 830, that must be met before a district court will allow the petitioner to raise a claim for habeas relief that he could have raised at trial or on direct appeal. See also Shaid, 937 F.2d 228.

> A movant is barred from raising jurisdictional and constitutional claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error.

United States v. Patten, 40 F.3d 774, 776 (5th Cir. 1994) (per curiam), cert. denied, 115 S. Ct. 2558, 132 L.Ed.2d 811 (1995). The United States Supreme Court has recognized a single exception to the application of this "cause and prejudice" standard -- a "fundamental miscarriage of justice" coupled with the petitioner's actual innocence of the crime of which he is convicted. Schulp v. Delo, 513 U.S. ---, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995); Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.") (O'Connor, J.). Because Davenport has not asserted in his petition to this court that he is actually innocent of the crimes of which he was convicted, the "fundamental miscarriage of justice" exception is not applicable.

The petitioner has demonstrated no "cause" as to why the claims he has raised in his habeas petition were not raised on appeal. However, even if they were raised and resolved, the petitioner's habeas plea would still be barred since issues resolved on direct appeal may not be raised again in a habeas petition. United States v. Santiago, 993 F.2d 504, 506 (5th Cir. 1993); United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118, 106 S. Ct.

2

1977, 90 L.Ed.2d 660 (1986).

Finally, claims raising issues other than those of jurisdictional or constitutional magnitude are also barred unless "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Patten, 40 F.3d at 776; see also Fassler v. United States, 858 F.2d 1016, 1019 (5th Cir. 1988) (per curiam) (petitioner may not collaterally attack conviction until conviction affirmed on direct appeal), cert. denied, 490 U.S. 1099, 109 S. Ct. 2450, 104 L.Ed.2d 1004 (1989). As noted above, the petitioner has cited no reason the claims he now asserts could not have been addressed on appeal. Indeed, most of them were resolved at the appellate level and are now barred.[1] To the extent that the petitioner has raised such claims in the context of an ineffective assistance of counsel claim, however, they are addressed below.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The petitioner's claim for ineffective assistance of counsel is properly raised for the first time in a § 2255 motion rather than on direct appeal. Patten, 40 F.3d at 776; United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992) ("[I]neffective assistance of counsel claims are

---

[1] The issues Davenport brought before the Fifth Circuit on direct appeal included a challenge to the sufficiency of the evidence and an assertion that the district court erred in its calculation of the amount of cocaine attributable to the petitioner. The appellate court affirmed his conviction. Davenport's collateral attack on the court's findings as to the quantity of drugs (10 pages of his 23-page brief) is therefore barred. Furthermore, the petitioner's arguments concerning the court's alleged misapplication of the Sentencing Guidelines are also precluded. United States v. Walker, 68 F.3d 931, 934 (5th Cir.) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), cert. denied, 116 S. Ct. 1056, 134 L.Ed.2d 201 (1996); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (noting claim under Sentencing Guidelines does not raise constitutional or jurisdictional issue). In any event, Davenport's sentence falls within the ambit of the revisions to the Sentencing Guidelines.

obviously of constitutional magnitude and satisfy the cause and actual prejudice standard."); United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991); United States v. Casiano, 929 F.2d 1046, 1051 (5th Cir. 1991). Several other circuits, in addition to the Fifth Circuit, have held the same way. See McCleese v. United States, 75 F.3d 1174, 1178 (7th Cir. 1996) (citing cases from every circuit except the Second). The Fifth Circuit has also noted that generally a claim of ineffective assistance of counsel "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." Pierce, 959 F.2d at 1301.

The test for ineffective assistance, as set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), includes two prongs which the movant must meet. See also Amos v. Scott, 61 F.3d 333, 347-48 (5th Cir.), cert. denied, 116 S. Ct. 557, 133 L.Ed.2d 458 (1995). The first is that the movant show "that counsel's performance was deficient." Strickland, 466 U.S. at 687. The Court interpreted this to mean that the movant show such performance "fell below an objective standard of reasonableness." Id. at 688. The movant must then show that such deficiency "prejudiced the defense." Id. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694; see also Lockhard v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L.Ed.2d 180 (1993) (movant must also show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance). Finally, "a court need not address both prongs [of an ineffective assistance of counsel claim] . . ., but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Amos, 61 F.3d at 348; Pierce, 959 F.2d at 1302 ("An insufficient showing of prejudice

4

pretermits addressing the adequacy prong.").

The court is of the opinion that the petitioner has failed to demonstrate deficiency or prejudice sufficient to support habeas relief under the Strickland test. The petitioner first asserts ineffective assistance in that his counsel failed to interview and call as witnesses two former coaches of the petitioner. This court presided over the trial of Davenport and is of the opinion that he was very capably represented by a well qualified and experienced member of the bar of this court. The decision not to call these character witnesses is best classified as a tactical trial decision. Trial tactics are left to the broad discretion of the trial attorney and cannot in this case constitute ineffective assistance of counsel. Furthermore, Davenport failed to point out to the satisfaction of the court any prejudice he suffered because his trial counsel was subpoenaed to testify during the hearing of a codefendant's motion for a new trial on the issue of her competency. The fact that Davenport's attorney testified does not illustrate any conflict of interest so as to impinge the Sixth Amendment. Davenport also decries the fact that his attorney did not include his sentencing transcript with his appeal to the Fifth Circuit. He asserts that "the Court of Appeals was unable to determine the issue relating to drug quantity without the sentencing transcript." Petitioner's Brief at 6. As noted *supra*, however, the Fifth Circuit specifically addressed the petitioner's concerns on this issue and held that the "district court did not err in determining the amount of cocaine attributable to Davenport." Davis, 61 F.3d at 305. Davenport has failed to establish the elements necessary to support his ineffective assistance of counsel claim.

## CONCLUSION

Davenport's petition for habeas relief shall be denied by the court. The points of error

Davenport did not raise on direct appeal are procedurally barred due to his failure to demonstrate cause for not having previously brought them to the appellate court's attention. The claims that were addressed by the Fifth Circuit on appeal are also procedurally barred in that the appellate court fully resolved them and they may not form the basis of collateral relief. Finally, the petitioner's ineffective assistance of counsel claim is without merit and his petition for habeas relief must be denied.

A separate order in accordance with this opinion shall issue this day.

THIS 8th day of July, 1996.

United States District Judge